UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Erick B. Coleman, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 02864 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| Robert McHale, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Erick Coleman has filed this *pro se* civil-rights action, 42 U.S.C. § 1983, challenging a January 2017 search and arrest. (When Coleman filed this case, he was imprisoned, but he is now on supervised release, formerly known as parole.) Specifically, Coleman alleges that, on January 5, 2017, he was homeless but "checking" in on his mother's home. R. 22 at 7. When at the home, "[police] "informants (gang members)" working for a police officer "sho[]t [at] and tr[ied] to kill" Coleman. *Id*. The next day, officers executed a search warrant (the validity and scope of which Coleman questions); "planted gun[s] and drug[s] on the plaintiff"; and destroyed or stole cash, plaintiff's social security cards, and car titles." *Id*. at 7-8, 10. Coleman seeks monetary damages and "a restraining order." *Id*. at 11.

On screening review, the Court permitted the amended complaint to proceed but dismissed any claim based upon an alleged failure to advise Coleman of rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). R. 19 at 2-3. Coleman's state-court criminal proceedings were ongoing; he ultimately pleaded guilty to possession of a controlled substance and aggravated unlawful use of a weapon, was sentenced to 18 months' incarceration, and then released on parole. R. 68 at 3; Illinois Department of Corrections Offender Search for Coleman, available at https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Apr. 16, 2019) (showing that Coleman is on parole and that his sentences for weapons and drugs violations have not yet been discharged). Defendants now move to dismiss Coleman's claims, with prejudice, as barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). R. 60. The motion is fully briefed.

As a threshold matter, the Court considers Defendants' argument that Coleman "waive[d]" any objection to their motion by filing a late response to the motion to dismiss. *See* R. 69 at 3-4. It is true that Coleman's response was untimely—

he was ordered to file the response by February 27, 2019, R. 67, but it was not filed until March 11, 2019. R. 68. The response arrived in an envelope that bore no postmark, though an attached "Proof of Service" asserts that it was mailed on February 18, 2019. R. 68. At the time, Coleman was no longer in custody, so the "mailbox rule," *Houston v. Lack*, 487 U.S. 266, 276 (1988), does not help him. But given Coleman's *pro se* status, the Court will excuse the late filing, which arrived less than two weeks after the extended deadline. Coleman is warned that he must comply with deadlines going forward.

Moving on to the substance of Defendants' motion to dismiss, the Court will consider any additional factual allegations in Coleman's response, so long as they are consistent with the factual content of the complaint, *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). Still, although the Court will expansively interpret *pro se* filings, Coleman may not add new claims through his response brief.

Defendants argue that Coleman's claims are *Heck*-barred. R. 60. *Heck* instructs that a prisoner cannot bring a claim for monetary damages based on a conviction unless or until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). *Heck* bars actions for damages where a "judgment in favor of the [prisoner] would necessarily imply the invalidity of his conviction or sentence." *Id.* Until the conviction or sentence has been invalidated, the cause of action for damages does not accrue. *Id.* at 490.

Fourth Amendment claims, such as challenges to searches or seizures, are not categorically barred by *Heck* because the unreasonableness of a search or seizure does not in all cases *necessarily* imply the invalidity of the later-entered conviction. *See Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014) (holding that finding of illegal seizure under facts alleged would not affect validity of guilty plea or conviction); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("[A] conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). But the *Heck* bar still applies if the plaintiff pleads a theory of liability that would contradict the conviction. *Rollins*, 770 F.3d at 576. That is the situation here: as pleaded, Coleman's claims are *Heck*-barred.

According to Coleman, police officers "planted" guns and drugs to frame him, and he was "forced" to plead guilty to drug and weapon charges. R. 22 at 7, 8, 10; R. 68 at 2, 3. Although Coleman insists that the "[f]act of the matter that the plaintiff pleaded guilty, has nothing to do with" some of Defendants' other alleged misconduct, proof that Coleman was framed and arrested for offenses he did not commit necessarily would imply that he is not guilty of the offenses. *See Rollins*, 770 F.3d at 576 ("So suppose a defendant convicted of possessing illegal drugs found on his person

2

sued the officer who had found the drugs, alleging that the officer planted them. If he won the suit, it would imply the invalidity of his drug conviction."); *Okoro v. Callaghan,* 324 F.3d 488, 489 (7th Cir. 2003) (explaining that, even where § 1983 plaintiff might have been able to challenge police officers' alleged theft of his property without triggering *Heck* bar, his "steadfast[]" adherence "to his position that there were no drugs, that he was framed" constituted "collateral attack on his conviction" barred by *Heck*); *Claxton v. Byrne*, No. 13 C 2686, 2013 WL 5770526, at *3 (N.D. Ill. Oct. 24, 2013) (holding that, where plaintiff was convicted of carrying a loaded firearm in public but alleged in § 1983 action that arresting officers fabricated evidence showing that he was carrying gun, *Heck* barred false-arrest claim because these "allegations amount to a claim that he is innocent of the crime for which he was convicted").

Under those principles, *Heck* bars any victory for Coleman in this case premised on a finding that he did not commit the underlying offenses (or that his weapons conviction might be "void," as he argues, R. 68 at 4-5. And even on claims not otherwise *Heck*-barred, *Heck* "knock[s] out" certain damages components—specifically, those attributable to an allegedly wrongful conviction or resulting term of imprisonment, "while the conviction stands." *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998). So, it might be, as Coleman suggests, that not all of his intended claims *necessarily* undermine his conviction or sentence. But it is difficult to parse the amended complaint in a way that separates what is and what is not *Heck*-barred, because Coleman repeatedly complains of "planted" evidence, "false imprisonment," "unlawful restrain[t of] plaintiff's freedom of movement," and a "forced" guilty plea. And Coleman seeks damages for his post-conviction imprisonment—which *Heck* forbids.

For those reasons, the Court dismisses the amended complaint, without prejudice. *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) ("[G]iven the possibility of future state-court proceedings, [plaintiff's] claim should have been dismissed *without* prejudice.") (emphasis in original). Plus, the Court will give Coleman a chance to file a second amended complaint that does not challenge his conviction and sentence. *See Moore v. Mahone*, 652 F.3d 722, 726 (7th Cir. 2011) (explaining that where impermissible allegations "permeate the complaint," it likely is "preferable" to permit plaintiff to reformulate claims in second amended complaint rather than to attempt to "ignor[e]" *Heck*-barred components). Maybe Coleman will decide that the narrow claims not barred by *Heck* are not worth pursuing; again, he cannot recover damages for the conviction and imprisonment in light of *Heck*.

The second amended complaint is due by May 15, 2019. Failure to file the second amended complaint by that deadline will result in entry of final judgment. To

track the case only, a status hearing is set for May 24, 2019, at 8:30 a.m. (no appearance is required).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 22, 2019